```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

```
                                  )
LOUNGE 22, LLC,                   )
                                  )
                   Plaintiff,     )
                                  )
             v.                   )   CIVIL ACTION
                                  )   NO. 09-10933-WGY
ANNE SCALES; RENTALS UNLIMITED    )
INC.; AND LAWRENCE GREEN,         )
                                  )
                   Defendants.    )
                                  )
```

MEMORANDUM AND ORDER

YOUNG, D.J.                                          January 28, 2010

## I.   INTRODUCTION

Lounge 22, LLC ("Lounge 22") here sues a former employee, Anne Scales, as well as a competitor, Rentals Unlimited, Inc. ("Rentals Unlimited"), and Lawrence A. Green, the owner and alleged alter ego of Rentals Unlimited.  The defendants have moved to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  The challenges focus on whether Lounge 22 has set forth sufficient factual allegations to support the various counts of the Amended Complaint and the claimed amount of damages.

**II.   PROCEDURAL POSTURE**

Lounge 22 filed its complaint on June 3, 2009 [Doc. No. 1]. On June 26, 2009, Rentals Unlimited and Green filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) [Doc. No. 11]. On June 30, 2009, Scales also filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [Doc. No. 18].  This Court granted those motions without prejudice, and allowed Lounge 22 thirty days to file a motion to amend the complaint.  Order Granting Mot. Dismiss, Jul. 23, 2009.  The First Amended Complaint (the "Amended Complaint") was filed on September 11, 2009 [Doc. No. 32].  Rentals Unlimited and Green again filed a motion to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [Doc. No. 33].  Likewise, Scales again filed a motion to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [Doc. No. 35].  Lounge 22 filed oppositions to both motions [Doc. Nos. 37 & 38].  These motions are before the Court.

**III. FACTS ALLEGED**

Lounge 22 "creates, designs and rents artistic, unique next-generation furnishing designs for use in tradeshows, exhibits and other events." Am. Compl. ¶ 10.  Its principal

place of business is Glendale, California.  Id. ¶ 2.  Scales, a Massachusetts resident, worked for Lounge 22 from 2005 until she resigned in 2009.  Id. ¶ 3.  Scales was a national account executive responsible for marketing and selling Lounge 22 goods and services on the East Coast, and particularly in New England. Id. ¶ 16.  Scales executed a confidentiality agreement with Lounge 22, which required Scales to safeguard Lounge 22's trade secrets and other proprietary information, and to refrain from diverting or taking away customers or business of Lounge 22 while in its employ.  Id. ¶¶ 19, 22, 23; Am. Compl., Ex. A.  Scales had access to Lounge 22's propriety customer information and used it in soliciting actual and potential customers.  Id. ¶ 17.  At some point, Scales and Green, the owner of Rentals Unlimited, a competitor of Lounge 22, began an intimate relationship.  Id. ¶ 30.

This relationship led Scales to divulge proprietary information to Green and Rentals Unlimited in order to divert business from Lounge 22 to Rentals Unlimited.  Id. ¶ 33.  In the five months prior to her resignation, Scales' sales numbers declined 40% over the preceding five month period, and declined almost 60% when compared to the same period in 2008, amounting to several hundred thousand dollars worth of declines.  Id. ¶ 27. Investigating Scales' significant decrease in sales, Lounge 22 had callers pose as prospective customers inquiring about Lounge

22 goods and services. Id. ¶ 28. On several occasions, "Scales aggressively attempted to have these callers seek goods and services from Rentals Unlimited instead of from Lounge 22, informing them that Rentals Unlimited had greater product selection, competitive prices, etc." Id. ¶ 29.

**IV. ANALYSIS**

To survive a motion to dismiss, a complaint must state "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). This standard does not "impose a probability requirement at the pleading stage," but "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the claims at issue. Id. at 556.

  A. Subject Matter Jurisdiction

The defendants point out that the Amended Complaint fails specifically to identify the customers whose business it lost and offer an accounting of the claimed $250,000 in damages. They argue that these shortcomings prevent Lounge 22 from meeting the amount-in-controversy requirement. Green Mem. at 7-10, Scales Mem. at 6-9. This argument is without merit. Lounge 22 has alleged a specific amount of damages that satisfies the amount-in-controversy requirement. Therefore, to prevail on this issue, Lounge 22 need show only that there is no legal certainty that its claim involves **less** than the jurisdictional amount. Speilman

4

v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)). Lounge 22's allegations amply meet this standard. Its factual support for the amount of damages is related to the decline in Scales' sales volume described in the Amended Complaint. The defendants cite no authority from this Circuit or any other that supports their argument that a plaintiff must provide an accounting when challenged about the amount in controversy. See, e.g., Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807, 809 (11th Cir. 2003) (dismissing complaint where plaintiff only specified $50,000 in damages); St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253-54 (5th Cir. 1998) (determining that claim did meet jurisdictional limits after reviewing potential liability as specific sum not identified in complaint); Renaissance Mktg. v. Monitronics Int'l, Inc., 606 F. Supp. 2d 201, 210-11 (D.P.R. 2009) (analyzing the amount in controversy because no specific amount stated in complaint); Amoche v. Guarantee Trust Life Ins. Co., No. 07-371, 2008 WL 3843903, at *6 (D.N.H. Aug. 14, 2008) (dismissing complaint for failing to satisfy Class Action Fairness Act requirements of specificity); State Farm Mut. Auto Ins. Co. v. Greater Chiropractic Ctr. Corp, 393 F. Supp. 2d 1317, 1324 (M.D. Fl. 2005) (dismissing those plaintiffs whose claims with legal

certainty could not rise to $75,000).  Such authority is plainly inapposite here.

    B.    Failure to State a Claim

        1.    Alter-Ego Liability

Green argues that alter-ego liability has not been pled with sufficient specificity because the only allegation is that Rentals Unlimited is the alter ego of Green.  Green Mem. at 10-12.  Lounge 22, however, has alleged that Green is the founder, President, Treasurer, Secretary, and Director of a company that only recently adopted the corporate form.  Am. Compl. ¶¶ 4-5.  Lounge 22 alleged that Green controls and directs the actions of Rentals Unlimited.  Id. ¶ 5.  Lounge 22 also alleged a unity of interest and ownership between Rentals Unlimited and Green.  Id. ¶ 6.  Thus, Lounge 22 sufficiently has alleged several of the twelve factors which the First Circuit has identified for considering whether to penetrate the corporate form.  Birbara v. Locke, 99 F.3d 1233, 1238, 1240 n.7 (1st Cir. 1996).  See also, My Bread Baking Co. v. Cumberland Farms, Inc., 353 Mass. 614, 619 (1968) (Cutter, J.).  The sole authority Green cites to support his challenge to alter-ego liability is hardly relevant.  It addresses a post-trial judgment made in light of a stipulation.  See Debreceni v. Graf Bros. Leasing, Inc., No. 85-3386, 1987 WL 6983, at *3-4 (D. Mass. Jan. 23, 1987) (Mazzone, J.).

2.   Interference with Contractual Relations

Count III of the Amended Complaint, alleging interference with contractual relations, is also challenged for lacking sufficient factual allegations.  The Amended Complaint, however, covers all the elements of the tort.  The relationship between Green and Scales supplied the opportunity for Green to knowingly induce Scales to breach her contractual duties of confidentiality and loyalty.  Count III has thus been properly pled.

3.   Unjust Enrichment

Count V of the Amended Complaint, alleging unjust enrichment, is also properly pled.  Defendants point to the missing allegations of identifiable customers whose business Rentals Unlimited allegedly took from Lounge 22 to argue that this count is defective.  Green Mem. at 15.  Again, their argument fails.  That Lounge 22 does not have concrete information regarding this allegation is to be expected at this stage of the litigation.  Moreover, the defendants are incorrect in arguing that Lounge 22 is limited to seeking a remedy at law; Lounge 22 is "permitted to demand both restitution and damages at law."  In re Lupron Mkt. and Sales Practices Litig., 295 F. Supp. 2d 148, 182 n.39 (D. Mass. 2003) (Stearns, J.) (citing Fox v. F&J Gattozzi Corp., 41 Mass. App. Ct. 581, 588-89 (1996)).

4.   Civil Conspiracy

Count VI of the Amended Complaint, for civil conspiracy, is properly pled as well.  As in <u>Kurker</u> v. <u>Hill</u>, 44 Mass. App. Ct. 184, 189-90 (1998), the defendants are alleged to have acted in concert, with Scales using her access to proprietary information to help Green and Rentals Unlimited compete unfairly against Lounge 22.  Of course, the alleged intimate relationship between Green and Scales lends further plausibility to this count.  The defendants do not provide any compelling authority for the proposition that the factual allegations are insufficient.  Rather, the defendants point to a heightened pleading standard for cases alleging a civil conspiracy to defraud.  <u>See, e.g.</u>, <u>Doyle</u> v. <u>Hasbro, Inc.</u>, 103 F.3d 186 (1st Cir. 1996).  The heightened pleading standard required of a fraud claim does not apply to the civil conspiracy claim pled here.

5.   Unfair Business Practices

Count VII of the Amended Complaint, alleging violation of Massachusetts General Laws chapter 93A, section 11, also survives this motion to dismiss.  Siphoning off customers using proprietary customer information is exactly the type of eyebrow-raising rascality that 93A makes actionable.  <u>See</u> <u>Levings</u> v. <u>Forbes & Wallace, Inc.</u>, 8 Mass. App. Ct. 498, 504 (1979) (Kass, J.) (noting that chapter 93A requires eyebrow-raising

rascality).[1]  The defendants' wishing that the alleged conduct was not unfair does not make it so.

**V.   CONCLUSION**

Accordingly, these motions to dismiss, Docket Nos. 33 and 35 are DENIED.

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

---

[1] The Court is aware that the Supreme Judicial Court has disapproved this specific formulation in characterizing unfairness for a jury in the chapter 93A context.  Massachusetts Employers Ins. Exch. v. Propac-Mass, Inc., 420 Mass. 39, 42-43 (1995).  Moreover, in the federal courts, chapter 93A claims are triable to the jury as matter of constitutional right.  Massachusetts Eye & Ear Infirmary v. QLT, Inc., 495 F. Supp. 2d 188, 197 (D. Mass. 2007), aff'd on this ground, 552 F.3d 47 (1st Cir. 2009).  The "raise an eyebrow of someone inured to the rough and tumble of the world of commerce" remains, however, an excellent conceptual formulation in the motion to dismiss context.